UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         :

UNITED STATES OF AMERICA

         :     CONSENT PRELIMINARY ORDER

- v. -              OF FORFEITURE AS TO

         :     SPECIFIC PROPERTY

DAVID MALDONADO,

         :     25 Cr. 564 (JSR)

      Defendant.

         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 10, 2025, DAVID MALDONADO (the "Defendant"), was charged in a two-count Indictment, 25 Cr. 564 (JSR) (the "Indictment"), with possession of ammunition after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One); and possession of a machinegun, in violation of Title 18, United States Code, Section 922(o)(1) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used the offenses charged in Counts One and Two of the Indictment, including but not limited to:

a. One Polymer 80, model PF940C, 9x19mm caliber firearm;

b. One Glock-type conversion device;

c. One ammunition cartridge casing with the following headstamp: "F C 9MM LUGER";

d. One ammunition cartridge casing with the following headstamp: "NORMA 9mm LUGER";

e. Two ammunition cartridge casings with the following headstamp: "WIN 9mm LUGER"; and

f. Eight ammunition cartridge casings with the following headstamp: "RED ARMY CR 9mm LUGER"

(a. through f., collectively, the "Indictment Property");

WHEREAS, on or about April 2, 2026, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the Indictment Property;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the following property seized by the Government on or about November 14, 2025, in the Bronx, New York, as a firearm and ammunition involved in the offense charged in Count Two of the Indictment:

a. The Indictment Property; and

b. One Glock Magazine;

(a. and b., together, the "Specific Property"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Brandon Harper, of counsel, and the Defendant and his counsel, John P. Buza, Esq., that:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant DAVID MALDONADO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property may be executed in one or more counterparts, each of which will be deemed an

original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:     _____                    4/2/26
        Brandon Harper                               _____
        Assistant United States Attorney             DATE
        26 Federal Plaza
        New York, NY 10278
        (212) 637-2209



DAVID MALDONADO


By:     _____                    4/2/26
        David Maldonado                              _____
                                                     DATE

By:     _____                    4/2/26
        John P. Buza, Esq.                           _____
        Attorney for Defendant                       DATE
        The Woolworth Building
        233 Broadway, Suite 701
        New York, New York 10279



SO ORDERED:

_____                            4/2/26
HONORABLE JED S. RAKOFF                               _____
UNITED STATES DISTRICT JUDGE                          DATE